FLOMENHAFT AND CANNATA, LLP
Stephanie O' Connor (SOC-0813)
Attorneys for Plaintiff: MICHAEL KRYNSKI
90 Broad Street 17th Floor
New York, N.Y. 10004
(212) 785-9444

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
MICHAEL KRYNSKI,

                Plaintiff,

    -against-

THOMAS H. CHASE, JR. and WESTERN EXPRESS, INC.,
                Defendants.
------------------------------------------------X

*ECF FILED*

Docket No.: 06-CV-4766
(RRM) (JMA)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Respectfully Submitted:

FLOMENHAFT & CANNATA, LLP

*[signature]*

STEPHANIE O'CONNOR (SOC-0813)
Attorneys for Plaintiff: MICHAEL KRYNSKI
90 Broad Street
New York, NY 10004
Phone: (212) 785-9444
Fax: (212) 344-9400
Email: soconnor@mfbclaw.com

TO: RAVEN & KOLBE, LLP
Keith A. Raven, Esq.
Attorneys for Defendants
THOMAS H. CHASE, JR. and WESTERN EXPRESS, INC.
126 East 56th Street, Suite 202
New York, NY 10022
212-759-7466
Email: Kraven@ravenkolbe.com

FLOMENHAFT AND CANNATA, LLP
Stephanie O' Connor (SOC-0813)
Attorneys for Plaintiff
MICHAEL KRYNSKI
90 Broad Street 17th Floor
New York, N.Y. 10004
(212) 785-9444

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
MICHAEL KRYNSKI,

                    Plaintiff,

    -against-

THOMAS H. CHASE, JR. and WESTERN
EXPRESS, INC.,

                  Defendants.
---------------------------------------------------X

ECF FILED

Docket No.: 06-CV-4766

(RRM) (JMA)

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## INTRODUCTORY STATEMENT

Plaintiff Michael Krynski submits this memorandum of law in support of his motion for summary judgment against defendants, Thomas H. Chase and Western Express, Inc. on the issue of liability.

This action involves a rear-end collision on a highway. The defendant driver, Chase, was unable to offer any non-negligent explanation for the happening of this collision. Chase's own deposition testimony is that Krynski stopped in stop-and-go traffic at a time when the 18-wheel tractor-trailer Chase was operating was only about a car length away and when Chase was looking to his right at a car in the next lane that he

1

suspected might cut in front of him. As Plaintiff will demonstrate, under New York law, summary judgment must be granted to Krynski on the issue of liability.

## FACTUAL SUMMARY

The full factual basis of this motion is set forth in the accompanying Affidavit of Stephanie O'Connor, sworn to on November 7, 2008, together with the exhibits annexed thereto, and Plaintiff's Local Rule 56.1 statement simultaneously submitted herewith. These materials are incorporated by reference into this Memorandum of Law.

Briefly, on February 26, 2005, Thomas Chase, a truck driver employed by Western Express, Inc., was operating an 18-wheel tractor-trailer on the southbound Bruckner Expressway in Bronx County. Although it is undisputed that the tractor-trailer struck the rear of Krynski's vehicle, Krynski and Chase remember the moments before and during this collision very differently. However, as the Court is obliged to view the evidence in the light most favorable to Chase and his employer, Western Express, Plaintiff presents, as a basis for summary judgment as to liability *only*, Chase's own version of how this accident occurred.

According to Case's own testimony, he was traveling behind Krynski's Pontiac van for an undetermined period of time in essentially bumper-to-bumper traffic. Krynski's vehicle stopped for traffic at a point when Chase was looking to his right at a car that he believed might cut in front of him. When Chase noticed that Krynski's Pontiac had stopped, the tractor-trailer was only about a car's length behind it. Consequently Chase was not able to stop the tractor-trailer in time to avoid a collision. Chase was ticketed for "following too closely" (VTL 1129 [a]) and he paid the fine, thereby pleading guilty to the violation.

2

## POINT

## SUMMARY JUDGMENT IS APPROPRIATE IN THIS REAR-END COLLISION CASE

### Summary Judgment Standards

The law is well settled. Summary judgment will be granted only if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Silver v. City Univ.*, 947 F. 2d 1021, 1022 (2d Cir. 1991).

A material fact is one that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson, 477 U.S. at 248; R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 57 (2d Cir.1997). Thus, if the opponent presents evidence that is "merely colorable, conclusory, speculative or not significantly probative" (*Schwimmer v. Kaladjian*, 988 F.Supp. 631, 638 [S.D.N.Y. 1997] (*citing Anderson*, 477 U.S. at 249-50] summary judgment will be granted.

In deciding a motion for summary judgment, the Court's function is not to weigh the evidence or resolve issues of fact, but rather to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also Lucente v IBM*, 310 F.3d 243, 244 (2d Cir. 2002). It must also view the record evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v.. Zenith Radio Corp.*, 475 U.S. 574, 587

3

(1986); *Adickes v S.H. Kress & Co.*, 398 US 144 158-59 (1970); *Gibbs-Alfano v. Burton*, 281 F.3d 12, 18 (2d Cir.2002).

Although summary judgment is unusual in negligence cases, "the mere fact that a case involves a claim of negligence does not preclude a granting of summary judgment." *Maizous v. Garaffa*, 2002 WL 1471556, at *3 (E.D.N.Y. Apr. 30, 2002) *quoting Cumminsky v. Chandris*, S.A., 719 F.Supp. 1183, 1186 (S.D.N.Y.1989).

It is proponent of summary judgment who bears the initial burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995). Here, through application of the law to the facts, plaintiff Michael Krynski meets that burden.

### New York State Law as to Rear-End Collisions

As Justice Sweet wrote in *Hong v. Maher*, 2004 WL 771127, No. 02Civ7825(RWS) (S.D.N.Y April 13, 2004):

> Under New York law, a rear-end collision establishes a prima facie case of liability against the rear vehicle and imposes a duty of explanation on the operator of that vehicle. *Sekuler v. Limnos Taxi, Inc.*, 264 A.D.2d 389, 389, 694 N.Y.S.2d 100, 101 (2d Dep't 1999); *Itingen v. Weinstein*, 260 A.D.2d 440, 441, 688 N.Y.S.2d 582, 583 (2d Dep't 1999); *Inzano v. Brucculeri*, 257 A.D.2d 605, 605, 684 N.Y.S.2d 260, 260 (2d Dep't 1999); *Barba v. Best Security Corp.*, 235 A.D.2d 381, 381, 652 N.Y.S.2d 71, 71 (2d Dep't 1997). This duty arises because "when the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle." *Chepel v. Meyers*, 306 A.D.2d 235, 236, 762 N.Y.S.2d 95, 97 (2d Dep't 2003) (citing *Power v. Hupart*, 260 A.D .2d 458, 688 N.Y.S.2d 194 (2d Dep't 1999); Vehicle and Traffic Law § 1129(a)). Accordingly, "[t]he operator of the moving vehicle is required to rebut the

4

> inference of negligence created by an unexplained rear-end collision." *Lopez v. Minot*, 258 AD2d 564, 564, 685 N.Y.S.2d 469, 470 (2d Dep't 1999) (*internal citations omitted*). "If the operator cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law." *Barile v. Lazzarini*, 222 A.D.2d 635, 636, 635 N.Y.S.2d 694, 696 (2d Dep't 1995) (*internal citations omitted*). If, however, the offending driver provides a non-negligent explanation for the collision, the inference of negligence is overcome and a motion for summary judgment is precluded. *Riley v. County of Broome*, 256 A.D.2d 899, 899, 681 N.Y.S.2d 851, 851-852 (3d Dep't 1999).

*Hong, Id.* at *2.

These principles apply to both to stopped *or stopping* vehicles. *Dewar v. Padilla*, 305 A.D.2d 629, 760 N.Y.S.2d 203 (2d Dept 2003); *Twomey v. Richheimer*, 229 A.D.2d 554, 646 N.Y.S.2d 155 (2d Dept 1996); *Mascitti v. Greene*, 250 A.D.2d 821, 673 N.Y.S.2d 206 (2d Dept. 1998); *Silberman v. Surrey Cadillac Limousine Service*, 109 A.D.2d 833, 486 N.Y.S.2d 357 (2d Dept. 1985).

Lastly, both the owner and operator of a vehicle can be held negligent for the operator's failure to comply with the vehicle and traffic law. McKinney's Vehicle and Traffic Law § 388.

### Summary Judgment as to defendant Thomas Chase is warranted since he cannot proffer a Non-negligent Explanation as to the cause of the Rear- End Collision

Tractor-trailer driver Thomas H. Chase admitted at deposition that the tractor-trailer he was operating struck the Pontiac minivan that Michael Krynski was operating. [Exh 3. at 49; 29-30.] According to Chase's own testimony, Krynski's vehicle was stopped at the time of the collision. [Exh 3. at 49.]

5

Chase also testified that he had been following Krynski's van for some unstated period of time on the southbound Bruckner Expressway. [Exh 3. at 30.] Krynski stopped in what Chase termed "bumper to bumper" traffic [Exh 3 at 31] at a point when Chase looked away from the road [Exh 3. at 50; 53-54]. When Chase notice that the Krynski vehicle had stopped, the tractor-trailer was only about a car length away. [Exh 3 at 50.]

Chase was unable to offer any non-negligent explanation for the happening of this accident during the several hours of his testimony. As indicated by the New York State Department of Motor Vehicles Police Accident Report, the police officer at the scene observed that the weather was clear and the roads were dry and even. [Exh 5: (See the entries in the boxes numbered 4, 5, 6, 7 to the far left of the report, and the corresponding code key).] Entries in a police report that result from the officer's own observations and knowledge are admissible in evidence. *Parsons v. Honeywell, Inc.* 929 F.2d 901, 907 (2d Cir. 1991) *citing United States v. Pazsint*, 703 F.2d 420, 424 (9th Cir. 1983); Fed. R. Evid. 803(8). In any event, Chase never claimed that the weather or road conditions had any adverse affect on his driving.

Nor did Chase ever claim that Krynski made a sudden stop. Indeed, as Chase testified that Krynski stopped while Chase's attention was diverted elsewhere [Exh 3 at 50; 53-54], Chase could *not* have observed how Krynski stopped. And since traffic at the time was, in Chase's own words "bumper to bumper," sudden stops were to be anticipated. *See, e.g., Diller v. City of New York*, 269 A.D.2d 143 (1st Dep't 2000)(it can easily be anticipated that cars up ahead will make frequent stops in rush hour traffic); *Newton v. Perugini*, 16 A.D.3d 1087 N.Y.S.2d 742 (4th Dept. 2005)(defendant's

6

negligence in causing rear-end collision is sole proximate cause of accident where defendant admitted that traffic ahead was heavy and slow-moving).

### Plaintiff is entitled to summary judgment because the defendant has affirmatively admitted his negligence in causing the accident

Not only has Chase failed to offer a non-negligent excuse for the happening of the subject accident, his purported explanations affirmatively demonstrate his negligence in causing the accident in two respects. First, is Chase's admission that when Krynski's vehicle stopped, Chase was looking at a car coming up on his right [Exh 3 at 51-52]. The car had its turn signal on, and Chase thought the driver was trying to get over into his lane [Exh 3 at 53-54], as demonstrated in the following excerpted deposition testimony:

> Q. Mr. Chase, you said the car in front of you stopped and then you hit your brakes?
> A. Yes.
> Q. Where were you looking in the ten seconds before you saw that vehicle stop?
> A. Another car to my right.
> Q. Why were you looking to your right?
> A. He was trying to get over in the left lane where I was, either in front of me ... [Exh 3 at 51-52.]

Thus, Chase was *not* looking at the road directly ahead of his truck in what he described as "bumper to bumper" traffic.

The case of *Diller v. City of New York Police Dep't*, 269 A.D.2d 143, 144, 701 N.Y.S.2d 432 (1st Dept 2000) is particularly applicable to the facts of the case at bar. In *Diller*, the defendant had looked away while driving in stop-and-go traffic and struck the rear of the plaintiff's vehicle. The court held that the defendant should have anticipated that cars ahead will make frequent stops in rush hour traffic, and the failure to anticipate and react was not an adequate non-negligent explanation for the accident. *Id*

7

at 144, 701 N.Y.S.2d at 433. Further, the Court found that defendant's conduct fell below the appropriate standard of care because by looking away from the road, defendant was unable to react quickly enough when the plaintiff's car came to a stop. *Id.* at 144, 701 N.Y.S.2d at 433. *That is exactly what happened here.*

Secondly, Chase was affirmatively negligent in causing the accident by following Krynski's vehicle "too closely." [Exh 3 at 34-36; Exh 5.]. Chase admitted that the tractor-trailer was only about a car length behind Krynski's vehicle when it stopped. He testified:

> Q. Mr. Chase, where was your foot when you came in contact with the other vehicle?
> A. On the brake.
> Q. How soon before the impact did you hit the brake.
> A. When I seen (sic) that he had stopped, I hit the brake.
> Q. How far away from him were you when you saw him stop?
> A. May be a car.
> Q. A car length?
> A. Yes. [Exh 3. at 50.]

As Appellate Courts have held, as a matter of law, a single car length is not enough distance to maintain between two traveling vehicles -- let alone a minivan and an 18-wheel tractor-trailer. In *Newton v. Perugini,* 16 A.D.3d 1087 N.Y.S.2d 742 (4th Dept. 2005), another rear-end collision case, traffic was moving slowly in response to congestion and the defendant had taken her eyes off the road directly ahead to look in her rear-view mirror to change lanes. When the defendant returned her eyes to the road, she suddenly noticed plaintiff's vehicle in front of her and was unable to stop before colliding with the vehicle. There, as here, defendant testified that she was only one car

length away from plaintiff prior to the accident and the Court granted summary judgment in plaintiff's favor.

In *Eybers v. Silverman*, 37 A.D.3d 403, 405, 830 N.Y.S.2d 240, 242 (2d Dept. 2007), the defendant driver admitted that he struck the rear of the plaintiffs' vehicle after noticing it when he was only two car lengths away. Plaintiffs established their prima facie entitlement to judgment as a matter of law. In *Ayach v. Ghazal,* 25 A.D.3d 742, 743, 808 N.Y.S.2d 759, 760 (2d Dept. 2006) there was only one car length between the defendants' vehicle and the plaintiffs' vehicle on an exit ramp from I-287. Despite defendant's claim that she saw a car cut in front of the plaintiffs' vehicle, causing the plaintiffs' vehicle to come to an abrupt stop, summary judgment was awarded to the plaintiff. *See also, Myrie v. Atehortua*, 275 A.D.2d 699, 713 N.Y.S.2d 294 (2d Dept. 2000) [one car length]; *Hurley v. Cavitolo*, 239 A.D.2d 559, 658 N.Y.S.2d 90 (2d Dept 1997) [one car length]; *Filippazzo v. Santiago*, 277 A.D.2d 419, 716 N.Y.S.2d 710 (2d Dept. 2000) [3 car lengths].

Both the police accident report and Chase's deposition testimony revealed that Chase was ticketed for violation of Vehicle and Traffic Law § 1129 (a) "Following too closely." [Exh 3 at 34-36; Exh 5.]. Chase never denied that he was following the Krinsky vehicle too closely. In fact, he paid the ticket [Exh 3 at 47-48.], as this Court may take judicial notice, is the equivalent of pleading guilty to the violation. A defendant's plea of guilty to a traffic infraction amounts to a statement or admission by him that he did the act charged. *Ando v. Woodberry*, 8 N.Y.2d 165, 168, 203 N.Y.S.2d 74, 76 (1960); *Lohraseb v. Miranda*, 46 A.D.3d 1266, 848 N.Y.S.2d 440 (3d Dept 2007); *McGraw v. Ranieri*, 202 A.D.2d 725, 608 N.Y.S.2d 577 ( 3d Dept 1994).

### Summary Judgment is warranted as to Western Express, Inc. as defendant was in the course of his employment while operating the tractor-trailer that rear-ended the plaintiff's vehicle

Chase testified that at the time of the accident, he was operating the tractor-trailer within the course of his employment with Western Express. [Exh 3. at 17.] Western express was also the owner of the truck. Thus Western Express is vicariously liable for Chase's negligence (Vehicle and traffic Law § 388; *Irwin v. Klein,* 271 N.Y. 477, 3 N.E.2d 601 [1936]) and summary judgment is appropriate as against Western Express.

### CONCLUSION

A rear-end collision creates a prima facie presumption of negligence that may be rebutted only by a non-negligent explanation. Here there is no non-negligent explanation. There is, however, affirmative evidence that defendant driver Thomas Chase was negligent in averting his attention to another lane of traffic and following too closely.

Thus for the reasons set forth above, and in the accompanying Affidavit, Local Rule 56.1 statement and exhibits, the plaintiff's motion for summary judgment should be granted on the issue of liability in favor of Michael Krynski and against defendants Thomas H. Chase and Western Express, Inc.

Dated:      New York, NY
            November 7, 2008

Respectfully Submitted:

FLOMENHAFT & CANNATA, LLP

*[signature]*

STEPHANIE O'CONNOR (SOC-0813)
Attorneys for Plaintiff - MICHAEL KRYNSKI
90 Broad Street
New York, NY 10004
Phone: (212) 785-9444