UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
MICHAEL KRYNSKI                                              ECF FILED

                 Plaintiffs,                  Case No.: 06-CV-4766
                                                (RMM)(JMA)

   -against-

THOMAS H. CHASE and WESTERN
EXPRESS, INC.

                 Defendants.
-----------------------------------------------------X

## REPLY MEMORANDUM OF LAW

### Both versions of the accident bespeak negligence on the part of the defendants.

     The Court's function on a motion for summary judgment is to view the evidence in the light most favorable to the opposing party. However now, by exhorting the Court to consider Krynski's version of how the accident occurred, defense counsel urges just the opposite.

     Krynski maintained that he was driving his Pontiac at 50 miles an hour, but that Chase was driving his 18-wheel tractor-trailer at least 75 miles an hour, tailgated Krynski multiple times, and finally closed in on Krynski until the tractor-trailer rammed into the rear of the Pontiac with such force that it pushed the Pontiac into the truck in front of it. [Krynski deposition at 116; 119-122.] Thus according to Krynski's testimony, Chase is guilty *not only* of following too closely (VTL § 1129), but also speeding (VTL § 1180) and reckless driving (VTL § 1212). Indeed, Krynski's description of the events suggests that Chase's conduct was nothing short of "road rage."

     Decidedly, Krynski's version of the accident is *not* most favorable to Chase, and it is precisely for this reason that Plaintiff made no mention of it in the moving papers. It is mystifying that defense counsel would have this Court for one moment consider that Krynski's version might be true, impeaching his own client's testimony in the process.

Nevertheless, defense counsel seems to believe that because there are two versions of the accident, there is necessarily a triable issue of material fact. What defense counsel overlooks, of course, is that under *either* version of the accident, Chase acted negligently as a matter of law and his conduct was the sole proximate cause of the accident.

That there are divergent accounts of an accident makes no difference to the granting of summary judgment where both accounts lead to the same conclusion. See generally, **Jacino v. Sugerman**, 10 AD3d 593, 781 N.Y.S.2d 663 [2d Dept 2004] [under either version of the facts presented as to motor-vehicle accident, codefendant had the right-of-way and was entitled to judgment as a matter of law]; **Donacik v. Pool Mart, Inc.**, 270 AD2d 921, 705 N.Y.S.2d 784 [4th Dept 2000] [summary judgment granted regardless of whether infant injured her head by a slip and fall from a pool deck or by diving into the pool]; **Valdez v. City of New York**, 148 AD2d 697, 539 N.Y.S.2d 445 [2d Dept 1989] [accepting either version of the events as true, the defendant was entitled to summary judgment].

Plaintiff has already shown how Chase's version of the accident casts him in liability. That Krynski's version also casts him in liability is even clearer, for which the opposition offers no non-negligent explanation. A "material fact" is one that would affect the outcome of the lawsuit. But under either version of the events here, the outcome is one and the same. The only possible question presented by the varying accounts of this accident is the ancillary one of whether Chase was merely negligent or *grossly* negligent.

### The Well-Established Body of Decisional Law Regarding Rear-End Collisions is *Not* Limited in Application to "Stopped or Stopping" Vehicles

Defendants appear to be arguing to this Court -- *without* supporting authority -- that, somehow, no presumption of negligence attains if a rear-end collision occurs between a vehicle traveling at 50 miles per hour and another traveling at 75 miles per

2

hour. Their contention that the case law establishing entitlement to summary judgment in rear-end collisions is limited to stopped or stopping vehicles is egregiously incorrect.

The statute from whence the decisional law on rear-end-collision emanates is Vehicle and Traffic Law § 1129(a). The statute, entitled "Following too closely" provides:

> (a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

The language of the statute is clear and unambiguous – there is no delimiting language. Thus it has been written *repeatedly* in decisions involving rear-end collisions that the driver of the following vehicle is "under a duty to maintain a safe distance" between the driver's vehicle and the vehicle in front, and "the failure to do so, in the absence of an adequate, nonnegligent explanation, constituted negligence as a matter of law."[1] Perhaps defense counsel suspects Plaintiff, or this Court, is unaware of this substantial body of case law.

---

[1] See, for example: *Aromando v. City of New York*, 202 A.D.2d 617, 609 N.Y.S.2d 637 [2d Dept. 1994]; *Zakutny v. Gomez*, 258 A.D.2d 521, 521, 685 N.Y.S.2d 255, 255 [2d Dept. 1999]; *Inzano v. Brucculeri* 257 A.D.2d 605, 605-606, 684 N.Y.S.2d 260, 260 - 261 [2d Dept. 1999]; *Tam v. Magiropoulos*, 247 A.D.2d 533, 534, 669 N.Y.S.2d 296, 297 [2d Dept. 1998]; *Macauley v. Elrac, Inc.*, 6 A.D.3d 584, 585, 775 N.Y.S.2d 78, 79 [2d Dept. 2004]; *Rebecchi v. Whitmore*, 172 A.D.2d 600, 602, 568 N.Y.S.2d 423, 424 [2d Dept. 1991]; *Silberman v. Surrey Cadillac Limousine Service, Inc.*, 109 A.D.2d 833, 486 N.Y.S.2d 357 [2d Dept 1985]; *Jedrysik v. Panorama Tours, Ltd.*, 34 A.D.3d 1338, 1339, 824 N.Y.S.2d 848, 849 [4th Dept. 2006]; *Francisco v. Schoepfer*, 30 A.D.3d 275, 817 N.Y.S.2d 52, 53 - 54 [1st Dept. 2006]; *Garcia v. Bakemark Ingredients (East) Inc.*, 19 A.D.3d 224, 224, 797 N.Y.S.2d 467, 468 [1st Dept. 2005]; *Malone v. Morillo*, 6 A.D.3d 324, 325, 775 N.Y.S.2d 312 [1st Dept 2004]; *Mitchell v. Gonzalez*, 269 A.D.2d 250, 251, 703 N.Y.S.2d 124 [1st Dept 2000]; *Marlow v. Board of Educ. of Ogdensburg City School Dist.*, 182 A.D.2d 889, 890, 582 N.Y.S.2d 292, 293 [3d Dept. 1992].

While it may be more likely that a rear-end collision will occur with a stopped or stopping vehicle, that does not render § 1129 (a) or the decisional law any less applicable. For example, **National Interstate v A.J. Murphy Co., Inc.**, 9 AD3d 714 [3d Dept 2004] involved a rear-end collision between a tractor-trailer and two buses while all three vehicles were traveling (albeit slowly) on Interstate 87 during a snowstorm. Neither defense counsel's novel "moving vehicle exception" nor the emergency doctrine was available to exonerate the driver of the tractor-trailer, the court noting:

> "***The rear end collision*** between [tractor-trailer] and [bus] ***established a prima facie case of negligence*** on the part of [tractor-trailer] and imposed a duty of explanation upon [the tractor-trailer driver, his employer, and his employer's subrogee]." (9 AD3d at 715). [Emphasis supplied.]

As **National Interstate** and the other cases make clear, when a driver approaches another vehicle from the rear, he is duty bound to maintain a reasonably safe rate of speed and use reasonable care to avoid colliding with the other vehicle. It doesn't matter whether the front vehicle is stopped, stopping, or moving, or how fast the cars are traveling. All that matters in this case is that the defendant's following "too closely" resulted in the rear-end collision.

### Since Defendants Failed to Explain the Traffic Ticket, the Guilty Plea is Properly Treated As an Admission

Defendants discount Chase's plea of guilty to the traffic ticket because they profess that Chase is entitled to the opportunity to explain it away. However, faced with this motion for summary judgment, Defendants should have offered that explanation *now*, in their opposing papers. As they remain silent on the issue, the guilty plea remains unchallenged prima facie evidence of negligence.

In ***Lohraseb v Miranda***, 46 A.D.3d 1266, 1266-1267, 848 N.Y.S.2d 440, 441 [3d Dept. 2007] (cited in Plaintiff's Memorandum of Law) summary judgment was granted to plaintiff precisely because the defendant's guilty plea was left unexplained. The court wrote:

> Defendant pleaded guilty to failure to yield the right-of-way in connection with this accident. This guilty plea, as an admission that she committed the act charged, constituted some evidence of negligence (*citations omitted*). A defendant is generally given an opportunity to explain the circumstances surrounding a guilty plea to a traffic infraction, such as the convenience of entering a plea rather than traveling to Virginia to contest the ticket, ***but defendant failed to offer any explanation for her plea in response to plaintiff's motion*** (*citations omitted*). [Emphasis supplied.]

"It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial." ***Di Sabato v. Soffes***, 9 A.D.2d 297, 301, 193 N.Y.S.2d 184, 189 [1st Dept 1959]. Here, Defendants failure to lay bare their purported "explanation" inures to Plaintiff. The admission thus stands.

The Court may note that Chase's admission to following too closely also appears in the police report, which Plaintiff submitted in support of his summary judgment motion, and the accuracy and admissibility of which Defendant has not denied.

### The Emergency Doctrine is Unavailable to Defendants

Apparently reverting to Chase's version of the accident, Defendants seek to invoke the emergency doctrine, which "applies when a party is confronted with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation, or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct." ***Rivera v.***

5

*New York City Tr. Auth.,* 77 N.Y.2d 322, 327, 567 N.Y.S.2d 629, 631 [1991]. The doctrine is inapplicable here for three reasons.

First, as a general rule, the emergency doctrine is *not* applicable to rear-end collisions. *Campanella v. Moore*, 266 A.D.2d 423, 424, 699 N.Y.S.2d 76 [2d Dept 1999]. Defendants in rear-end collision cases have claimed various exigent circumstances, to no avail. See *Jacobellis v. New York State Thruway Authority,* 51 A.D.3d 976, 976-977, 858 N.Y.S.2d 786, 787 - 788 [2d Dept 2008] [car, after merging in front of defendant's vehicle on the Thruway, braked suddenly for an animal]; *DiPaola v. Scherpich*, 239 A.D.2d 459, 657 N.Y.S.2d 883 [ 2d Dept. 1997 ] [passage of an ambulance]; *Maxwell v. Lobenberg*, 227 A.D.2d 598, 598-599, 643 N.Y.S.2d 186, 186 - 187 [2d Dept. 1996] [skid at the crest of a hill]; *Mead v. Marino,* 205 A.D.2d 669, 669-670, 613 N.Y.S.2d 650, 651 [2d Dept. 1994] [attempt to change lanes only to discover lane blocked]; *Sass v. Ambu Trans.*, 238 A.D.2d 570, 657 N.Y.S.2d 69 [2d Dept 1997] [a stoppage in traffic caused by another driver several cars ahead]; *Smith v. Perfectaire Co., Inc.,* 270 A.D.2d 410, 704 N.Y.S.2d 640 [2d Dept. 2000] [icy roadways]; *Gage v. Raffensperger,* 234 A.D.2d 751, 651 N.Y.S.2d 214 [3d Dept. 1996] [unexpected appearance of ice just after defendant took eyes off the road to look in the rear view mirror]; *Johnston v. El-Deiry,* 230 A.D.2d 715, 645 N.Y.S.2d 878 [2d Dept 1996] [another vehicle obscuring defendant's vision]; *McCarthy v. Miller,* 139 A.D.2d 500, 526 N.Y.S.2d 848 [2d Dept. 1988] [same]. This case presents no exception to the general rule.

Second, the emergency doctrine is not proper where the situation is neither sudden nor unexpected or could have been reasonably anticipated in light of the circumstances. *Smith,* 270 A.D.2d at 410. Here Defendants claim that Chase's looking to his right at a car in the center lane, which was apparently signaling a lane change, presented an emergency situation. The lane change never occurred, thus Chase was confronted by nothing more than the *possibility* that another car might change lanes. But a lane change from a parallel lane is an entirely commonplace occurrence that happens to every highway traveler and with which Chase, a professional driver, was certainly well-acquainted. It defies common sense to view this as an emergency.

Third, even if the threat of an imminent lane change could be viewed as an emergency, it was created by Chase himself. The only proper action for Chase to have taken was to slow down, increase the distance between his vehicle and Krynski's, and allow the car to enter his lane. [VTL § 1122 (b).] Apparently, however, Chase was more concerned with keeping the other car out of his lane than keeping a safe distance away from Krynski's vehicle.

In any event, the *potential* situation confronting Chase did not abrogate his obligation to maintain a reasonable distance from Krynski's car. **McCarthy,** 139 A.D.2d 500, 526 N.Y.S.2d 848. The emergency doctrine does not apply where the party seeking to invoke it created or contributed to the emergency by following too closely. **Jacobellis,** 51 A.D.3d 976, 976-977, 858 N.Y.S.2d 786, 787 – 788; **Johnston,** 230 A.D.2d 715, 645 N.Y.S.2d 878; **Pappas v. Opitz,** 262 A.D.2d 471, 692 N.Y.S.2d 127 [2d Dept. 1999].

### There is No Evidence of Comparative Negligence

The argument that Krynski could be said to have breached his duty not to stop suddenly or slow down without proper signaling (referring to brake lights) because he didn't apply his brake until after Chase struck him (i.e. after the tort occurred) makes no sense whatsoever and borders on frivolity.

If Krynski's vehicle was slowing or stopping, its brake lights would come on *automatically*: there is absolutely no evidence that Krynski's brake lights were not functioning properly. In any event, Chase would not have seen Krinsky's brake lights, as (discussed more fully in Plaintiff's moving appears) he *admitted* to having diverted his attention to the car in the center lane.

### Defendants Fail to draw a distinction between facts in dispute versus genuinely disputed facts that are "material"

Defendants purport in their Counter-Statement of Material Facts Pursuant to Local Civil Rule 56.1(A) (hereinafter "Counter-Statement"), to list eight (8) material facts in dispute that they claim would preclude a grant of summary judgment to

7

Plaintiffs. (See Id. at ¶¶ 15-22). Responding specifically to ¶ 15, whether Plaintiff's vehicle was moving, stopping, or stopped at the time of the accident is not a "material fact" as "material fact" has been defined, nor is there a "genuine issue of fact" as "genuine issue of fact" has been defined in ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). In explaining what constitutes a "material" fact that would preclude summary judgment, the United States Supreme Court has provided guidance by noting:

> [as] to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. ***Factual disputes that are irrelevant or unnecessary will not be counted.***

***Anderson v. Liberty Lobby, Inc., supra*** at 248, 106 S.Ct. at 2510. [Emphasis supplied.]

As to ¶ 16 of Defendants' counter-statement, whether Plaintiff "properly signaled the defendant's vehicle so as to avoid a collision" is not a matter of fact, but merely rank speculation unsupported by the evidence. Moreover, this is not properly a "disputed fact" as encompassed in a Rule 56 Declaration, but rather calls for an application of the facts to the law. Similarly in ¶ 22 of the counter-statement, "whether defendant exercised reasonable care under the circumstances" calls for an application of the facts to the law and not properly submitted in support of a Declaration pursuant to Rule 56.

As to ¶ 20, which contends that a fourth vehicle created an emergency situation not of defendant's own making and ¶ 21, where defendant has provided no evidence whatsoever that plaintiff "made a sudden, negligence, or unexplained stop." Neither of the aforesaid are properly "disputed facts" that are encompassed in a Rule 56 Declaration, but rather call for an application of the facts to the law. Moreover, even if true, would not preclude a grant of summary judgment in favor of the plaintiff. See ***Mendiolaza v. Novinski***, 268 A.D.2d 462, 703 N.Y.S. 2d 49 (2d Dept. 2000)(even if plaintiff did stop suddenly, this fact standing alone is insufficient to preclude summary judgment).

Finally, as to ¶ 17 of the counter-statement, the speeds of the respective vehicles are not "material facts" as that term has been defined in ***Anderson v. Liberty***

8

*Lobby, Inc., supra* at 256, 106 S.Ct. 2505. The same holds true for ¶ 18, "traffic conditions" at the time of accident and lane of travel of the respective vehicles. See ¶ 19 of Counter-statements of Facts.

## CONCLUSION

No matter what version of the accident the Court considers, it is beyond rational dispute that Thomas Chase was negligent in following too closely and that his negligence was the sole proximate cause of this rear-end collision. Defendant's opposition fails to offer any non-negligent explanation, there was no emergency situation presented by the threat of a lane change, and no evidence of comparative negligence on Krynski's part. Moreover, any so-called disputed facts are *not* "material" facts that would otherwise change the legal analysis to be applied by the Court in determining the issues raised in the plaintiff's motion.

For the reasons set forth above and in Plaintiff's moving papers, the motion for summary judgment should be granted on the issue of liability in favor of Michael Krynski and against defendants Thomas H. Chase and Western Express, Inc.

Dated: New York, NY
December 18, 2008

Respectfully Submitted:

STEPHANIE O'CONNOR (soc 0813
FLOMENHAFT & CANNATA, LLP
Attorneys for Plaintiff
90 Broad Street
New York, NY 10004
Phone: (212) 785-9444
Fax: (212) 344-9400
Email: soconnor@mfbclaw.com

TO:    RAVEN & KOLBE, LLP
        Keith A. Raven, Esq. (KR 8086)
        Attorneys for Defendants
        THOMAS H. CHASE, JR. & WESTERN EXPRESS, INC.
        110 East 59th Street, 29th Floor
        New York, NY 10022
        (212) 759 – 7466

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **REPLY MEMORANDUM OF LAW**- was via UPS overnight delivery, this 18th day of December, 2008 to all counsel of record as indicated on the service list below.

_____
Stephanie O'Conner (SOC-0813)

SERVICE LIST

RAVEN & KOLBE, LLP
Keith A. Raven, Esq. (KR 8086)
Attorneys for Defendants
126 East 56th Street, Suite 202
New York, NY 10022
(212) 759 - 7466