# THE FLOMENHAFT LAW FIRM, PLI

90 Broad Street, Suite 1901 • New York, NY 10004-1609
Phone 646-747-0300 • Fax 646-747-0301

Email: mflomenhaft@neurolawny.com

April 06, 2015

Hon. Vera M. Scanlon
U.S. Magistrate Judge
Via e-filing

As the Court knows, we represent Michael Krynski, the plaintiff in this action. This letter is our response to the April 2 letter to Judge Kuntz from defense counsel seeking preclusion of "all of the aforesaid untimely and procedurally improper discovery responses and 'Supplemental' Expert Exchanges." We write this letter with the disadvantage of responding to a defense letter that does not specify in what way our disclosures were improper or how they were prejudiced by anything in them. This letter is a streamlined presentation bearing in mind the defendants' request for plenary briefing and accordingly if such briefing is ordered we anticipate addressing the issues in depth, including defendants' major omissions and misstatements regarding the procedural history of this case.

Our research following the defendants' letter has informed us that some of the submissions we described as supplements under Rule 26 are not properly so described. However, it also confirmed that, those mislabelings notwithstanding, our submissions are in accord with Rules 26 and 37 jurisprudence.

Parenthetically, the hundreds of pages that defense counsel protest is almost totally made up of reprints of expert CVs previously served and minimally updated to comply with the requirements of Rule 26 (e).

This Court is well aware that preclusion of expert testimony is considered a "drastic remedy" and a "harsh sanction" that is "rarely applied", *Conte v. Newsday Inc. et al.*, 2011 WL 2671216 (EDNY) (Boyle, USMJ).

This case arose out of an incident that took place on February 5, 2005, when defendants' truck struck Mr. Krynski's stopped car. Summary judgment on liability was granted by Judge Mauskopf in June of 2009, and the rest of the history of the case involved discovery on damages. The damages case involves traumatic brain injury that is progressing toward dementia and a lost earnings claim that, as a graphic artist who had already made a mark in the art world Mr. Krynski would have continued his career in a field with projected earnings in the millions of dollars.

# THE FLOMENHAFT LAW FIRM, PLI

90 Broad Street, Suite 1901 • New York, NY 10004-1609
Phone 646-747-0300 • Fax 646-747-0301

Our exchanges are briefly summarized below.

1. **Lawrence Amsel, psychiatrist.** Dr. Amsel's supplement consists merely of an update to his original disclosure to reflect that he testified in a trial last year.

2. **Monte Buchsbaum, M.D., psychiatrist and neuroscientist.** Pursuant to FRCP 26(e), we update CV, testimony and charges information. He also provides several labeled exhibits of brain imaging that defense counsel has had for approximately two years.

3. **Christos Davatzikos, PhD. , neuroscientist brain imaging specialist.** Pursuant to FRCP 26(e), we update CV, testimony and charges information. He also provides several labeled exhibits of brain imaging that defense counsel has had for over a year.

4. **Alex Eingorn, D.C. treating chiropractor.** His one page report which was procedurally unnecessary briefly summarizes his treatment relationship before and after the accident. It also evidences that a lot of the spinal claims that were prominent in the case earlier have largely resolved obviating much of the anticipated proof.

5. **Michael Freeman, D. Med. Ph. D., biomechanical specialist and traumatic epidemiologist.** Dr. Freeman ratifies his opinions contained in his 2008 submission but adds recently generated analysis (including his own soon to be published) of data that defense expert relied on. Pursuant to FRCP 26 (e) it also updates his CV and his prior testimony in the last four years.

6. **Merdad Golzad, treating neurologist.** He is a treating doctor but to the extent that he relies on other records, the recent Rule 26 disclosure was expressly pre-authorized by the Court, owing to the disappearance of Mr. Krynski's originally-treating neurologist. Also included are additional records from the continuation of his treatment relationship with Mr. Krynski for which the defense has had authorizations to obtain since 2013.

7. **Kathy Goodell, PhD. art expert.** Although she was previously designated as an expert, she is also a fact witness to Mr. Krynski's teaching career at SUNY at New Paltz. Hence, her accompanying report is not properly subject to FRCP 26 although misdescribed as such. However, also pursuant to FRCP 26(e), we have updated her CV from 2008.

8. **John Lee, art market expert.** In his 2008 FRCP 26 designation, Mr. Lee opined that Mr. Krynski would have enjoyed annual earnings growth of 7%-10%. Mr. Lee's one page report confirms that earlier projection but supplements pursuant to FRCP 26(e) that his earlier opinion has been supported by evolution in the art market between 2008 and 2015.

2

# THE FLOMENHAFT LAW FIRM, PLI

90 Broad Street, Suite 1901 • New York, NY 10004-1609
Phone 646-747-0300 • Fax 646-747-0301

---

9. **Michael Lipton, M.D., Ph.D. treating neuroradiologist, neuroscientist.** The FRCP 26 submission for Dr. Lipton labels previous brain images that defense has had for two years. It also includes a report that largely repeats previously served reports and virtually in its entirety discusses matters arising from his treatment and not subject to FRCP 26. Minimal "expert discussion" consists of three sentences that have been oft repeated by other experts. Pursuant to FRCP 26(e) his testimony and CV are supplemented.

10. **Valerie Parisi, RN, Life Care Planner.** Pursuant to FRCP 26(e), this updates her CV and prior testimony history.

11. **Ronald Quintero, CPA, forensic accountant.** This is only in part properly a supplement. Pursuant to FRCP 26(e), it corrects a previous error in his analysis that was based on a misunderstanding of New York law, specifically the necessity of the fact finder to determine future loss earning in accordance with a time period certain. It also contains a projection for loss of care with respect to categories that were evaluated and largely rejected or recast by defense counsel's Life Care Planner, Jane Matson, RN whose report was received on March 5, 2015. It also contains various rebuttals to arguments made by the defense forensic accountant Ronald Weiner. Finally, also pursuant to 26(e) it updates his testimony history.

12. **Jeannette Wasserstein, Ph.D., neuropsychologist.** This provides several basic labeled diagrams of the brain. Pursuant to FRCP 26(e) it updates her CV, testimony history and charges for testimony.

We hope that this letter will be useful to the Court.

Respectfully submitted,

Michael Flomenhaft